# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

MARIAMA MOORE,

                                                    Civil No. 23-906 (JRT/ECW)

                            Plaintiff,

v.

                                        **MEMORANDUM OPINION AND ORDER**
                                        **GRANTING DEFENDANT'S MOTION TO**
ROBERT HALF INTERNATIONAL INC.,                        **DISMISS**

                            Defendant.

Mariama Moore, 2645 First Avenue South, Unit 501, Minneapolis, MN 55408, a *pro se* Plaintiff.

Daniel J. Ballintine and Sarah DeWitt Greening, **LARKIN HOFFMAN DALY & LINDGREN, LTD.**, 8300 Norman Center Drive, Suite 1000, Minneapolis, MN 55437, for Defendant.

Plaintiff Mariama Moore initiated this action against Defendant Robert Half International Inc. ("RHI") after RHI failed to hire her, alleging that RHI discriminated against her on the basis of race, national origin, color, sex, and sexual orientation in violation of Title VII of the Civil Rights Act of 1964. RHI moved to dismiss Moore's Amended Complaint because she failed to exhaust her administrative remedies with respect to her claim for discrimination based upon national origin, and her other discrimination claims fail to satisfy the pleading requirements. Moore did not respond to RHI's Motion to Dismiss. Because Moore failed to plausibly state a claim to relief and

because she failed to respond to RHI's Motion, the Court will grant RHI's Motion to Dismiss and dismiss Moore's Amended Complaint.

## BACKGROUND

Plaintiff Mariama Moore initiated this action on April 10, 2023, claiming that RHI discriminated against her by "fail[ing] to make an offer at the interview," "fail[ing] to hire," for having "terms and conditions of employment differ for preferred requirements," and for "fail[ing] to overview work history." (Compl. ¶ 10, Apr. 10, 2023, Docket No. 1.) Moore attached a copy of the Charge of Discrimination she filed with the United State Equal Employment Opportunity Commission ("EEOC"), in which she alleges that she applied for various paralegal and office positions with RHI in or about 2021, but she was not hired for any of the positions. (EEOC Charge at 3, Apr. 10, 2023, Docket No. 1-1.) Moore is a black woman, and she claims that RHI's refusal to hire her constitutes discrimination on account of her race, color, sex, and sexual orientation. (*Id.*) She brought claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 ("ADEA"), and the Americans with Disabilities Act of 1973 ("ADA"). (Compl. at 2–3.)

Moore then filed an Amended Complaint on April 24, 2023, that provides slightly more context for her claims. (*See* Am. Compl., Apr. 24, 2023, Docket No. 3.) Moore alleges that she applied for numerous positions with RHI and supposedly had some interviews for those positions. (Issue at 1, Apr. 24, 2023, Docket No. 3-1.) RHI never

communicated next steps in the hiring process after those interviews.  (*Id.* at 2.)  Moore claims that the "recruiting and hiring management and human resource" engaged in "factual allegations of prejudice" by giving "negative employment references" indicating that she failed to show up for interviews when she in fact did attend some in person and virtual interviews, incorrectly "marking" her case file, refusing to hire her, refusing to promote her into available higher positions, and refusing to train her.  (*Id.*)  She seems to suggest that these actions are discriminatory because it has made it more difficult for her to seek and obtain employment than "White Americans or other Blacks Americans," and claims that RHI engages in discriminatory hiring practices and patterns against women of color.  (*Id.* at 2, 8–9.)  In her Amended Complaint, Moore appears to only pursue claims for violation of Title VII on the basis of color, race, sex, sexual orientation, and national origin discrimination.  (*Id.* at 1, 8.)

RHI filed a Motion to Dismiss Moore's claims on May 24, 2023, claiming that she failed to exhaust her administrative remedies for her national origin discrimination claim, that she failed to allege a pattern or practice of discrimination, and her other claims fail to meet the requisite pleading standard.  (Mot. Dismiss, May 24, 2023, Docket No. 7; Mem. Supp. Mot. Dismiss at 1, May 24, 2023, Docket No. 9.)  RHI served the Motion to Dismiss documents upon Moore.  (Aff. of Service via U.S. Mail, July 7, 2023, Docket No. 15.)  Moore failed to respond to RHI's Motion.

## DISCUSSION

### I.   STANDARD OF REVIEW

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  At the motion to dismiss stage, the Court may consider the allegations in the complaint as well as "those materials that are necessarily embraced by the pleadings." *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The Court construes the complaint in the light most favorable to the plaintiff, drawing all inferences in the plaintiff's favor. *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).  Although the Court accepts the complaint's factual allegations as true and construes the complaint in a light most favorable to the plaintiff, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  In other words, a complaint "does not need detailed factual allegations" but must include more "than labels and conclusions, and a formulaic recitation of the elements" to meet the plausibility standard. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

II.     **ANALYSIS**

As a preliminary matter, the Court interprets a failure to respond to a motion to dismiss as a waiver and voluntary dismissal of those claims. *See Zimmerschied v. JP Morgan Chase Bank, N.A.*, 49 F. Supp. 3d 583, 590–91 (D. Minn. 2014). Moore failed to respond to RHI's Motion to Dismiss. Accordingly, the Court must dismiss Moore's Complaint under Rule 12(b)(6). However, for the sake of completeness, the Court will also consider RHI's Motion on the merits.

A.     **Failure to Exhaust**

RHI first contends that the Court should dismiss Moore's claim that she was discriminated against on the basis of national origin because she failed to administratively exhaust that claim. Title VII requires that before a plaintiff can bring suit in court to allege unlawful discrimination, they must first file a timely charge with the EEOC or a state or local agency with authority to seek relief. 42 U.S.C. § 2000e-5(e)(1); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). Congress has set up an elaborate administrative procedure through the EEOC that is designed "to assist in the investigation of claims of . . . discrimination in the workplace and to work towards the resolution of these claims through conciliation rather than litigation." *Patterson v. McLean Credit Union*, 491 U.S. 164, 180–81 (1989), *superseded by statute on other grounds*, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071.

Employees should present each claim that they plan to pursue first to the EEOC. *Weatherly v. Ford Motor Co.*, 994 F.3d 940, 944 (8th Cir. 2021). The Eighth Circuit has

repeatedly dismissed claims due to lack of exhaustion where a box was not checked or where a particular type of discrimination was not mentioned in the charge. *E.g., id.* at 945; *Paskert v. Kemna-ASA Auto Plaza, Inc.*, 950 F.3d 535, 539 (8th Cir. 2020).

Here, Moore's EEOC Charge states she was discriminated against on the basis of race, color, sex, and sexual orientation, but makes no reference to national origin. Thus, she has not administratively exhausted her national origin claim. The Court will dismiss her national origin discrimination claim accordingly.

### B.    Failure to State a Claim

Next, RHI argues that Moore failed to state a plausible claim to relief because (1) she cannot advance a pattern or practice of discrimination claim as an individual plaintiff and (2) her Amended Complaint fails to meet the pleading standard.

The Court agrees that Moore has incorrectly framed her discrimination claims under the "pattern or practice" framework. She alleges that RHI engages in discriminatory hiring patterns and practices against women of color. (Issue at 8–9.) The Eighth Circuit has explained that all Title VII disparate treatment claims turn on the same basic issue: "whether the employer intentionally treated 'some people less favorably than others because of their race, color, religion, sex, or national origin.'" *Craik v. Minn. State Univ. Bd.*, 731 F.2d 465, 468–69 (8th Cir. 1984) (quoting *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 335 n.15 (1977)). Courts require plaintiffs to establish a prima facie case of discrimination. *Id.* "How the prima facie case is established and the consequences of its establishment, however, depend on whether the case is (1) brought by a single

-6-

plaintiff on his or her own account or (2) a class action alleging a pattern or practice of discrimination." *Id.* at 469. Plaintiffs bringing "private, non-class" Title VII actions must satisfy the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800 (1973). Because Moore is bringing this action individually, as opposed to on behalf of a class, she must satisfy the *McDonnell Douglas* standard, rather than showing a pattern or practice of discrimination. *See also Cooper v. Fed. Reserve Bank*, 467 U.S. 867, 876 (1984) ("The crucial difference between an individual's claim of discrimination and a class action alleging a general pattern or practice of discrimination is manifest. The inquiry regarding an individual's claim is the reason for a particular employment decision."). Accordingly, Moore is foreclosed from pursuing a Title VII claim based on a discriminatory pattern or practice.

Moreover, Moore has failed to plausibly allege RHI discriminated against her. The *McDonnell Douglas* burden-shifting standard applies where there is no direct evidence of discrimination. *Patterson*, 491 U.S. at 186; *see also Harris v. Hays*, 452 F.3d 714, 717–18 (8th Cir. 2006). Moore has neither alleged any direct discrimination nor plausibly stated a claim under *McDonnell Douglas.* A plaintiff claiming indirect employment discrimination under *McDonnell Douglas* must prove (1) that they belong to a protected class, (2) they applied to an available job for which they were qualified, but (3) they were rejected under circumstances which allow the court to infer unlawful discrimination. *McDonnell Douglas Corp.*, 411 U.S. at 802. If the Court finds that the first two elements are satisfied, it may

infer discrimination because the "plaintiff has eliminated the two most common legitimate reasons for failure to hire: that there was no vacancy in the job for which the plaintiff applied or that the plaintiff was not qualified for the job." *Craik*, 731 F.2d at 469.

To survive a motion to dismiss, the allegations in the complaint must give plausible support to the *McDonnell Douglas* prima facie requirements. *See Warmington v. Bd. of Regents of Univ. of Minn.*, 998 F.3d 789, 796 (8th Cir. 2021) (affirming a motion to dismiss in a sex discrimination case). Though the complaint need not set forth a "detailed evidentiary proffer," the Court should consider the prima facie elements as "a prism to shed light upon the plausibility of the claim." *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016) (internal citation omitted). The complaint "must include sufficient factual allegations to provide the grounds on which the claim rests." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc).

Moore claims that she was discriminated against on the basis of race, color, sex, and sexual orientation. Her filings suggest that she is a straight, black or African American woman. (Issue at 3.) Even assuming that each of these descriptors qualifies as a protected class and she is indeed a member of those classes, Moore has not plausibly stated a claim to relief because she has not set forth sufficient factual allegations that demonstrate she was qualified for the positions for which RHI was hiring. Moreover, though she states that RHI has a "history of employing only White Americans Female/and or males," she has not actually alleged any specific facts that plausibly suggest people

who are male or not black received favorable treatment.  (Issue at 9.)  She merely offers conclusory allegations, which the Court need not accept.  *Select Comfort Corp. v. Tempur Sealy Int'l, Inc.*, 11 F. Supp. 3d 933, 936–37 (D. Minn. 2014) ("In deciding a motion to dismiss . . . a court assumes all facts in the complaint to be true. . . however, a court need not accept as true wholly conclusory allegations.").

The Court agrees with RHI that this case is akin to *Robinson v. VSI Construction, Inc.*, No. 19-1628, 2019 WL 6715186, at *1–2 (D. Minn. Dec. 10, 2019), in which Robinson alleged that he suffered racial and disability discrimination that resulted in him being terminated from his employment.  The District of Minnesota dismissed Robinson's complaint because the complaint was "devoid of any facts tying that termination to discriminatory animus."  *Id.* at *3.  Here too, Moore states that she was not offered a position with RHI, and she states that she is a straight, black woman, but she has offered no facts that suggest that RHI's failure to hire her was connected in any way to her race, color, sex, or sexual orientation.

Because Moore failed to allege sufficient facts tying RHI's failure to hire her to her membership in any protected classes, because she otherwise failed to satisfy the *McDonnell Douglas* standard, and because she failed to respond to RHI's Motion to Dismiss, the Court will dismiss Moore's Amended Complaint.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss [Docket No. 7] is **GRANTED**; and

2. Plaintiff's Amended Complaint [Docket No. 3] is **DISMISSED without prejudice**.[1]


**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED:  September 13, 2023
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

---

[1] "Without prejudice" means that Moore may refile this action in the future.  In order for the Complaint to go forward, however, defects in the pleadings noted in this Order must be corrected.  *See Dismissed Without Prejudice*, Black's Law Dictionary (11th ed. 2019).